**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GEODIS USA, LLC, | |
| Plaintiff, | Civil Action No. 23-4322 (MAS) (TJB) |
| v. | **MEMORANDUM OPINION** |
| BRAVI, *et al.*, | |
| Defendants. | |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff GEODIS USA, LLC's ("Plaintiff" or "GEODIS") Motion for a Preliminary Injunction against Defendants Massimo Bravi ("Bravi") and General Noli USA, Inc. ("General Noli") (collectively "Defendants"). (ECF No. 4.) Defendants opposed Plaintiff's Motion (ECF No. 16) and Plaintiff replied (ECF No. 18). The Court has carefully considered the parties' submissions and decides the matter without oral argument under Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons below, the Court **DENIES** Plaintiff's Motion for a Preliminary Injunction.

**I.    BACKGROUND**

GEODIS and General Noli are both international companies and competitors in the business of transport and logistics. (Pl.'s Moving Br. 2, ECF No. 4.) GEODIS alleges that trade secrets and information were improperly shared and utilized at General Noli, a competitor, through GEODIS's former employee, Bravi. (*Id.* at 1.) GEODIS also asserts that Bravi wrongfully solicited at least one of GEODIS's customers on behalf of General Noli, violating a

Non-Solicitation and Confidentiality Agreement (the "Agreement") signed by Bravi when he was employed by GEODIS. (*Id.*; *see also* Agreement, ECF No. 1-3.)

Bravi has worked in the transportation, shipping, and logistics industry since 1999, and joined GEODIS around March 2011. (Decl. of Bravi ("Bravi Decl.") ¶ 1, ECF No. 16-1; Compl. ¶ 17, ECF No. 1.) Bravi was promoted to Director of Business Development at GEODIS, effective January 2020; in connection with his promotion, Bravi signed the Agreement in December 2020. (Compl. ¶ 20; Pl.'s Moving Br. 2; Defs.' Opp'n Br. 4, ECF No. 16.; *see also* Agreement.) The Agreement includes obligations regarding confidential information and post-employment restrictions—for example, for a period of two years, Bravi is restricted from soliciting customers or hiring someone from GEODIS for another employer. (Agreement 2–3.) On April 3, 2023, Bravi was terminated from GEODIS for allegedly "violating GEODIS's anti-discrimination and harassment policy[.]" (Compl. ¶ 18; Pl.'s Moving Br. 2; Pl.'s Reply Br. 5, ECF No. 18.) On April 28, 2023, "GEODIS sent Bravi correspondence reminding him of his post-employment obligations and enclosed a copy of the Agreement." (Pl.'s Moving Br. 2–3.) In May 2023, Bravi accepted an offer of employment with General Noli. (Bravi Decl. ¶ 11; Defs.' Opp'n Br. 7.)

Around June 2023, GEODIS was informed by one of its customers, Maui Jim, that Bravi had been "calling and soliciting its business." (Compl. ¶ 52; Pl.'s Moving Br. 3.) GEODIS subsequently sent Bravi a cease-and-desist letter and reminded him again of his post-employment restrictive covenants; on the same day, GEODIS also sent General Noli correspondence titled "Massimo Bravi's Post-Employment Restrictions," explaining generally that Bravi signed the Agreement. (Pl.'s Moving Br. 3; Defs.' Opp'n Br. 7.) In its e-mail message to General Noli, GEODIS enclosed parts of the Agreement and noted that "GEODIS expects that you will not take any action that would induce the breach of the Agreement and [that] Bravi [will] honor all

2

post-employment restrictions in the Agreement." (Defs.' Opp'n Br. 7.) According to General Noli, GEODIS did not specify the confidential information that was allegedly misappropriated, the confidential information that is allegedly in Bravi's possession, or the customers Bravi is allegedly restricted from contacting. (*Id.* at 7–8.) General Noli also notes that Maui Jim is not one of its customers and that Bravi did not receive commission from any business related to Maui Jim. (*Id.* at 8.)

Following its interaction with Defendants, GEODIS reviewed Bravi's e-mail records due to concerns about improper solicitation. (Pl.'s Moving Br. 3.) GEODIS identified the following correspondences and interactions, all of which were made during Bravi's employment with GEODIS: (1) On February 17, 2023, Bravi met with a representative of Savino Del Bene Group,[1] Stefano Redditi, via Microsoft Teams; (2) on February 20, 2023, Bravi sent correspondence from his GEODIS e-mail account to his personal e-mail account regarding "a basic business plan on how to develop a sales team in the US [sic] from scratch[;]" (3) on February 22, 2023, Bravi sent an e-mail message addressed to "Stefano" from his GEODIS e-mail account to his personal e-mail account, with no other recipients[2]—the correspondence outlined an alleged "proposed business plan for developing a sales team in the United States for what would be his future employer, General Noli[,]" which included [GEODIS's] confidential information such as references to six sales representatives' compensation; and (4) on February 22, 2023, Bravi sent confidential information from his GEODIS e-mail account to his personal e-mail account in the form of six

---

[1] General Noli is part of Savino Del Bene Group. (Pl.'s Moving Br. 3; Compl. ¶ 38.)

[2] GEODIS presumes that "Stefano" refers to Stefano Redditi, whom Bravi met with via Microsoft Teams on February 17, 2023. (Pl.'s Reply Br. 10–11.) Defendants do not address Bravi's interactions with "Stefano" or with Stefano Redditi in their brief. (*See* Defs.' Opp'n Br.) Based on the parties' submissions, it is unclear whether the correspondence was a draft e-mail intended for "Stefano" or a copy of an actual e-mail that Bravi sent to "Stefano." It is also unclear whether the correspondence was ultimately sent by Bravi to "Stefano."

Microsoft Excel spreadsheets containing sales representative performance data and customer sales volumes. (*Id.* at 3–4; Pl.'s Reply Br. 10–11.)

On August 10, 2023, GEODIS filed its Complaint for preliminary injunctive relief against Defendants based on 17 federal and state counts, listed *infra*. (*See generally* Compl.) GEODIS subsequently filed a Motion for Preliminary Injunction. (*See generally* Pl.'s Moving Br.) GEODIS seeks preliminary and permanent injunctions, enjoining Defendants from:

> (1) soliciting, diverting away, or attempting to solicit or divert away any GEODIS customer; (2) retaining, using, possessing, disclosing to any person, or facilitating the use of or assisting others to use, GEODIS's data, secrets, and confidential information . . . ; and (3) otherwise engaging in any activity in breach of Bravi's contract agreement with GEODIS.

(*Id.* at 35.) Additionally, GEODIS asks the Court for "relief requiring Bravi to honor the terms and conditions of his valid and enforceable restrictive covenants, which prohibit Bravi from soliciting GEODIS's customers for a period of two years." (*Id.* at 1–2.) Defendants opposed (ECF No. 16) and Plaintiff replied (ECF No. 18).

## II. LEGAL STANDARD

In demonstrating a preliminary injunction is warranted, a plaintiff must establish the following elements: "(1) the plaintiff is likely to succeed on the merits; (2) denying the injunction will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in greater harm to the defendant; and (4) the injunction is in the public interest." *Watchung Spring Water Co. v. Nestle Waters N. Am. Inc.*, No. 14-4984, 2014 WL 5392065, at *2 (D.N.J. Oct. 23, 2014) (citing *Novartis Consumer Health, Inc. v. Johnson & Johnson–Merck Consumer Pharms. Co.*, 290 F.3d 578, 596 (3d Cir. 2002)). It is settled law that a preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a *clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A C.

Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2948, at 129–130 (2d ed. 1995)). Preliminary injunctions are not appropriate remedies "to prevent the possibility of some remote future injury." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citation omitted).

The first two factors, commonly referred to as the "gateway factors," are the "most critical." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017), *as amended* (June 26, 2017). Only once these gateway factors are met should a court consider the remaining two factors. *Id.* "A plaintiff's failure to establish any element . . . renders a preliminary injunction inappropriate." *Nutrasweet Co. v. VitMar Enters.*, 176 F.3d 151, 153 (3d Cir. 1999) (quoting *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 192 (3d Cir. 1990).

**III.   DISCUSSION**

**A.   GEODIS's Counts**

GEODIS brings a number of claims against both Defendants, as well as claims against Bravi and General Noli individually. (*See generally* Compl.) Against both Defendants, GEODIS asserts: (1) Misappropriation of Trade Secrets in violation of the U.S. Defend Trade Secrets Act, 18 U.S.C. § 1836 (Count One); (2) Threatened Misappropriation of Trade Secrets in violation of the U.S. Defend Trade Secrets Act, 18 U.S.C. § 1836 (Count Two); (3) Misappropriation of Trade Secrets in violation of the New Jersey Uniform Trade Secrets Act, N.J. Stat. Ann. §§ 56:15-1 to -9 (2022) (Count Three); (4) Threatened Misappropriation of Trade Secrets in violation of the New Jersey Uniform Trade Secrets Act, N.J. Stat. Ann. §§ 56:15-1 to -9 (2022) (Count Four); (5) Tortious interference with contractual relationships and prospective economic advantage (Count Thirteen); (6) Unfair Competition (Count Fourteen); (7) Unjust Enrichment (Count Fifteen); (8) Civil Conspiracy (Count Sixteen); and (9) Injunctive Relief (Count Seventeen). (*Id.* at 12–23, 32–36.)

5

Against Bravi, GEODIS alleges: (1) Breach of Contract (Count Five); (2) Breach of the Duty of Loyalty based on adverse action against GEODIS, his then-employer (Count Six); (3) Breach of the Duty of Loyalty based on violation of employer policy regarding customer privacy (Count Seven); and (4) Breach of the Duty of Loyalty based on misappropriation of trade secrets and confidential information (Count Eight). (*Id.* at 23–29.)

Finally, against General Noli, GEODIS claims: (1) Aiding and Abetting Breach of the Duty of Loyalty based on adverse action against GEODIS, Bravi's then-employer (Count Nine); (2) Aiding and Abetting Breach of the Duty of Loyalty based on violation of employer policy regarding customer privacy (Count Ten); (3) Aiding and Abetting Breach of the Duty of Loyalty based on misappropriation of trade secrets and confidential information (Count Eleven); and (4) Tortious interference with the Agreement between GEODIS and Bravi (Count Twelve). (*Id.* at 29–32.)

### B.     Irreparable Harm

The Court first assesses GEODIS's alleged irreparable harm in the absence of a preliminary injunction. GEODIS states that "defection of employees to a competitor" causes GEODIS to be viewed in a "negative light" by both competitors and customers, thus damaging its reputation and goodwill. (Pl.'s Moving Br. 30 (quoting *ADP, LLC v. Jacobs*, No. 15-3710, 2015 WL 4670805, at *7 (D.N.J. Aug. 5, 2015)).) GEODIS further alleges it will be harmed because Defendants are "'evident[ly] willing[] to capitalize' on GEODIS's confidential information to unfairly compete[.]" (*Id.* at 30–31 (citing *Esquire Deposition Servs., LLC v. Boutot*, No. 09-1526, 2009 WL 1812411, at *9 (D.N.J. June 22, 2009)).)

In seeking a preliminary injunction, a plaintiff must make a "clear showing of *immediate* irreparable injury"—demonstrating "a risk of irreparable harm is not enough." *Hoxworth v.*

*Blinder, Robinson & Co.*, 903 F.2d 186, 205 (3d Cir. 1990) (emphasis added) (quoting *ECRI v. McGraw–Hill, Inc.*, 809 F.2d 223, 225 (3d Cir. 1987)). An injunction "may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." *All. Life Scis. Consulting Grp., Inc. v. Fabriczi*, No. 17-864, 2017 WL 4212311, at *9 (E.D. Pa. Aug. 17, 2017), *report and recommendation adopted*, No. 17-864, 2017 WL 4182822 (E.D. Pa. Sept. 21, 2017) (quoting *Cont'l Grp., Inc. v. Amoco Chem. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980)). Moreover, "it is 'well-settled law' that injunctions 'will not be issued merely to allay the fears and apprehensions or to soothe the anxieties of the parties.'" *Id.* (quoting *Cont'l Grp., Inc.*, 614 F.2d at 359). Showing irreparable harm is a "critical" and "threshold" factor, without which a preliminary injunction cannot be granted. *Reilly*, 858 F.3d at 179.

Here, GEODIS is unable to demonstrate that the confidential information Bravi sent to himself in February 2023 is *in the possession* of General Noli and will cause GEODIS *immediate* irreparable harm. In support of its position, GEODIS cites numerous cases in which irreparable harm was found based on facts that materially differ from those in the instant case. *See ADP, LLC*, 2015 WL 4670805, at *7 (finding irreparable harm where an *employee directly sent correspondence to clients* and "presumably has a number of others in mind he will contact." (emphasis added));[3] *Esquire Deposition Servs., LLC*, 2009 WL 1812411, at *9 (finding irreparable harm where *defendant sent* "[n]umerous e-mails . . . *to potential clients*" and plaintiff sufficiently

---

[3] This Court also notes that the court in *ADP, LLC v. Jacobs* granted injunctive relief in part to enjoin defendant from using plaintiff's proprietary information after defendant's breach of a non-competition clause. *ADP, LLC*, 2015 WL 4670805, at *7 (requiring defendant to return plaintiff's confidential information—such as business methods, pricing and marketing strategy, and client information—in his possession, custody, or control because "imminent threat of disclosure" of trade secrets, and not just a mere risk, was demonstrated based on defendant's employment posture). The court in *ADP, LLC v. Jacobs*, however, analyzed the return of proprietary information "in the context of non-competition agreements." *Id.* at *7. The Agreement in this case does not contain a non-competition clause.

7

showed that "*defendants are in possession of [p]laintiff's confidential and proprietary information*" and are "willing to capitalize on that information[.]" (emphasis added)); *Fisher Bioservices, Inc. v. Bilcare, Inc.*, No. 06-567, 2006 WL 1517382, at *20 (E.D. Pa. May 31, 2006) (finding irreparable harm where "[defendant] began *sending [e-mails to] some of her contacts* almost immediately upon arriving at [the new employer]." (emphasis added)); *Jackson Hewitt, Inc. v. Barnes*, No. 10-5108, 2011 WL 181431, at *4 (D.N.J. Jan. 18, 2011) (finding irreparable harm "[w]here a party is *in possession* of another party's confidential information and is poised to use or disclose such information, either personally or through an agent such as a parent or close associate[.]" (emphasis added)). While the Court acknowledges that one item of correspondence that Bravi sent from his GEODIS e-mail account to his personal e-mail acount is addressed to "Stefano," potentially a representative of Savino Del Bene Group, there is no showing that Bravi's correspondence was actually sent to such a representative. (Pl.'s Reply Br. 10–11.) It is unclear then, whether General Noli has possession of GEODIS's confidential information, or how Defendants will abuse such confidential information.[4]

Further, GEODIS does not allege or identify any specific harm that it has experienced or is likely to experience based on the alleged solicitation by Defendants and the disclosure of confidential information. *See All. Life Scis. Consulting Grp., Inc.*, 2017 WL 4212311, at *9 (finding that irreparable harm was not demonstrated because plaintiff did "not identif[y] any lost

---

[4] Notably, the Third Circuit has found that "[a]lthough disclosure of confidential information or trade secrets may constitute irreparable harm, the loss of the secret or confidential information must not have already occurred: once a secret is revealed, there is nothing for an injunction to protect. *Ace Am. Ins. Co. v. Wachovia Ins. Agency Inc.*, 306 F. App'x 727, 732 (3d Cir. 2009) (quoting *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 92 (3d Cir. 1992)). GEODIS must demonstrate not only that the confidential and proprietary information is in the possession of General Noli or its potential clients, but that Defendants have also not "already used the information for its desired purpose, to make the business decision based upon that information." *See id.* ("Now that the information has been used, . . . there is nothing to enjoin.").

customers[,]" "any decrease in present or future revenue or profits[,]" "any decrease in present or future income[,]" or "any particular business opportunities that were foreclosed." Instead, the plaintiff's evidence was comprised "solely [of] its own representatives' general predictions and forebodings."). GEODIS's main argument for Bravi's wrongful solicitation is that Maui Jim, a GEODIS client, asserted that Bravi solicited its business. (Pl.'s Moving Br. 3, 26.) Yet, there is no showing that GEODIS has been irreparably harmed by Bravi's alleged solicitation. GEODIS did not lose Maui Jim as a customer and General Noli has not foreclosed GEODIS's business opportunities with Maui Jim. (*See* Defs.' Opp'n Br. 1–2, 16; Pl.'s Reply 12.) Moreover, GEODIS has not demonstrated that General Noli caused it to lose any revenue or profits. (Defs.' Opp'n Br. 21; Pl.'s Reply 12.) *See All. Life Scis. Consulting Grp., Inc.*, 2017 WL 4212311, at *9. Without demonstrating that GEODIS has suffered instant or will suffer immediate harm, vague assertions of a potential negative reputation is insufficient. *See All. Life Scis. Consulting Grp., Inc.*, 2017 WL 4212311, at *9 (finding that a party's alleged "injury to goodwill and the use of a company's confidential information" is insufficient to demonstrate irreparable harm because "a recitation of types of irreparable harm that are often suffered by breach of non-solicitation, noncompetition, or nondisclosure covenants is not a 'clear showing' of actual or even potential harm." (quoting *Ferring Pharm., Inc. v. Watson Pharm., Inc.*, 765 F.3d 205, 217 (3d Cir. 2014))); *Acierno v. New Castle County*, 40 F.3d 645, 655 (3d Cir. 1994) (holding that the injury must be a "presently existing actual threat" and not a "remote" or "speculative" possibility of future harm (quoting *Cont'l Grp., Inc.*, 614 F.2d at 359)).

      This Court finds that GEODIS "has failed to articulate and adduce proof that it is more likely than not to suffer actual immediate or imminent irreparable harm in the absence of a preliminary injunction," and thus "there is no need to address" the remaining factors required for

a preliminary injunction.[5] *See All. Life Scis. Consulting Grp., Inc.*, 2017 WL 4212311, at *10 (citing *Reilly*, 858 F.3d at 179; *Rann Pharmacy, Inc. v. Shree Navdurga LLC*, No. 17-1893, 2017 WL 2442975, at *4 (E.D. Pa. June 6, 2017)).

## IV.  CONCLUSION

For the above reasons, the Court finds that Plaintiff has not made the requisite showing that it is entitled to a preliminary injunction. The Court will issue an Order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[5] Although this Court denies the preliminary injunctive relief that Plaintiff seeks, Plaintiff may reach out to the Magistrate Judge to request expedited discovery for this matter.

10